CLARENCE LeROY CROSBY, Plaintiff-Appellant, *v.* CAROLE CROSBY, Defendant-Appellee.

Third District   No. 76-461

Opinion filed May 16, 1977.

Michael P. Brinn, of Brinn & Bailey, of Rock Island, for appellant.

Dorothea O'Dean and Stewart R. Winstein, both of Rock Island, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the Circuit Court of Rock Island County which denied the complaint for divorce filed by Clarence LeRoy Crosby, hereinafter referred to as the plaintiff, but granted the prayer for a decree of separate maintenance which was the relief sought by the cross complaint of Carole Crosby, hereinafter referred to as the defendant. The separate maintenance decree ordered the plaintiff to pay the defendant the sum of $600 per month as alimony.

The sole issue presented in this appeal is whether the trial court abused its discretion in awarding the sum of $600 per month as alimony.

The plaintiff and defendant have been married for over 27 years but have lived separate and apart since November 1973. The plaintiff is employed as a factory worker and has gross earnings in the approximate sum of $13,000 per year. The defendant during her marriage has never worked outside the marital home but did do ironing for several individuals from which she realized the sum of $15 per week. The defendant has problems of health in that she has lost control of her right hand and consequently has continuing medical expenses. The marital home of the parties was the subject of a partition suit, however, by stipulation this suit was dismissed and the home was voluntarily sold. The net proceeds from the sale were divided between the parties, the plaintiff receiving the sum of $12,698.63 and the defendant the sum of $13,555.33.

During the hearing before the trial court both plaintiff and defendant itemized in detail their respective expenses of living, *i.e.*, food, lodging, utilities, medical expense, etc. No useful purpose would be served by setting forth these itemizations, since this court is not possessed of sufficient information to determine the issue presented in this appeal. From the record it is not clear nor can it be determined whether the trial court based its award of alimony on the gross earnings or the net earnings of the plaintiff. The defendant contends that it is immaterial whether the gross earnings or the net earnings of the plaintiff was the basis for the award, since in either event the court did not abuse its discretion in awarding the sum of $600 per month as alimony. With this contention we disagree. The proper basis would be net earnings with further consideration as to the income tax consequences, both Federal and State,

which would result as to each of the parties from the court's award of alimony.

Since the record in this cause does not provide us with sufficient information to determine the issue raised in this appeal it is necessary for us to reverse and remand this case to the Circuit Court of Rock Island County for a rehearing regarding only the award of alimony. During such hearing the net earnings of the plaintiff should be determined as well as the income tax consequences of any award. It is therefore the order of this court that the award of $600 per month alimony to the defendant be reversed but that the payment of said sum each month to the defendant as provided by the decree of the trial court continue as a temporary alimony award until the question as to the propriety of the amount can be determined in the light of the further information that the trial court is to obtain upon remandment.

Reversed and remanded with directions.

ALLOY, P. J., and STOUDER, J., concur.